## ROOT *v.* MT. ADAMS & EDEN PARK INCLINED RY. Co.

*(Circuit Court, S. D. Ohio, W. D.* December 24, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

In a suit for infringement of patent, for an "improvement in clamping apparatus for connecting street-cars," etc., "with endless traveling devices," it appeared that neither the complainant nor the defendant was engaged in the manufacture or sale of gripping devices; that defendant's use of his device had been continued about four years without notice or intimation from complainant that he claimed for the patent in suit any construction that would interfere with defendant's use; that no irreparable injury would be suffered by complainant if a preliminary injunction were refused, but that the operation of such order might be disastrous to the defendant, and might increase the risk of travel in forcing defendant to do away with some of his appliances upon his cable road. *Held,* that a preliminary injunction would be denied.

In Equity.   On motion for temporary injunction.
*George Harding* and *Wood & Boyd,* for complainant.
*Parkinson & Parkinson* and *Ramsey, Maxwell & Ramsey,* for defendant.

SAGE, J.   The complainant's suit is upon a patent granted to William Eppelsheimer, March 16, 1875, for an "improvement in clamping apparatus for connecting street-cars," etc., "with endless traveling devices." The defendant's device was patented to Henry M. Lane, October 18, 1887, and is for "grip mechanism for cable railways." The complainant moves for a temporary injunction. The complainant's patent was sustained in the case of *Root* v. *Railroad Co.,* 37 Fed. Rep. 673, in the southern district of New York. The defendant's device in that case was not identical with that used by the defendant in this case, but it is claimed that the decision is broad enough to include it. Before considering that question, however, it will be proper to state certain other propositions which ought to be taken into account in disposing of the complainant's motion. *First.* Neither the complainant nor the defendant is engaged in the manufacture or sale of gripping devices. *Second.* If the defendant be an infringer, his infringement is not wanton. He has used devices patented since the date of the complainant's patent, and his use has been with the consent of the patentee. It was stated in the course of the argument upon the motion, that the defendant was the proprietor of the patent, and there is therefore every indication that the defendant has been acting in good faith, and without any intent to infringe upon the rights of the complainant. This use by the defendant has been continued now about four years, without notice or intimation from the complainant that he claimed for the patent in suit any construction which would interfere with defendant's use of the gripping device employed upon his road. *Third.* The continuation, during this litigation, of the use by the defendant cannot possibly interfere with the grant of other rights by the complainant. The complainant's invention being suitable for use upon cable railways only, its use upon one line cannot have any bearing upon its use on other lines, unless it should operate as a recommendation for such use. Therefore it cannot be said that any irreparable injury will be suffered by the complainant if a preliminary injunction be refused. On the other hand, while the granting of the preliminary injunction would not add to sales or other disposition of his rights by complainant, it would, in fact, reduce complainant's recovery, in the event of a decree in his favor, by exactly the value of that use during the pendency of the restraining order. *Fourth.* The operation of a temporary restraining order might be disastrous to the defendant. It was urged by counsel for the complainant, upon the presentation of the motion, that the defendant could very easily remove from its gripping apparatus the rollers or idler pulleys, and thereby avoid infringement, and that the only detriment to the defendant would be the greater friction and wear of its cable. This is not, however, clear to the court. Without these pulleys there may be danger, in operating the device, of so engaging or entangling the strands of the cable with the

wooden clamps of the grip that the brakeman could not release the cable or stop the cars. If my recollection is not altogether at fault, such an accident occurred on a cable line in this city within the last year, and was near resulting seriously, if not fatally. Now, the defendant is a common carrier of passengers. A considerable portion of its track, between Walnut Hills and the heart of the city, is upon a heavy grade, and the court is not disposed, if it can avoid it, to make an order that may increase the risk of travel. Without entering upon the question whether the defendant infringes, which will be reserved for the final hearing, it is sufficient to say that there is fair ground for contest between the parties to this litigation. The only advantage to the complainant that the court can see would result from granting the preliminary restraining order would be, possibly, to force the defendant to a settlement, but that surely would be no ground for a preliminary injunction. The defendant is solvent, and abundantly able to pay any damages that may be decreed against it. The court, therefore, taking into account the special circumstances of the parties and of the case, and leaving the questions to be litigated between parties for consideration hereafter, will make an order that the defendant, within 30 days, execute a bond in the sum of $20,000, to pay to the complainant such sum as may upon the final hearing be decreed in his favor, and in default thereof that a preliminary injunction issue.